Jacobo **JAIMES–CORNEJO;**
**et al., Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney**
**General, Respondent.**

**No. 02–71903.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 11, 2005.\*\*

Decided June 3, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Miguel D. Gadda, Law Offices of Miguel D. Gadda, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Robbin K. Blaya, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM***

Petitioner Jacobo Jaimes–Cornejo and his wife, Maria Lopez–Jaimes, petition for review of a final order of the Board of Immigration Appeals (BIA) denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT). Jaimes–Cornejo credibly testified that he fled Mexico based upon threats against his family made on account of his father's political activities. However, the IJ found that the details of past persecution were too vague to be accorded weight sufficient to satisfy the burden of proof for asylum. Because substantial evidence supports the IJ's decision, we deny the petition as to the withholding of removal and CAT claims and dismiss the petition as to the asylum claim.

We have jurisdiction over the petition under 8 U.S.C. § 1252(a)(1). As the BIA affirmed the IJ's order without opinion, we review the IJ's order as the final agency action. *Kebede v. Ashcroft,* 366 F.3d 808, 809 (9th Cir.2004).

■ Jaimes–Cornejo first challenges the constitutionality of streamlining. Streamlining is not a per se violation of due process. *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir.2003). Although the decision to streamline in a particular case may be reversible error, Jaimes–Cornejo fails to raise this argument. *See Chong Shin Chen v. Ashcroft,* 378 F.3d 1081 (9th Cir.2004).

■ Jaimes–Cornejo next challenges the IJ's insufficiency of the evidence determination. Jaimes–Cornejo testified to threats made against the family, but did not describe these threats with any speci-

ficity nor did he know what political group was making the threats. Most threats do not rise to the level of persecution. *Nahrvani v. Gonzales,* 399 F.3d 1148 (9th Cir.2005). The testimony's vagueness prevents a finding that the threats were anything more than mere harassment. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir. 2000).

■ Jaimes–Cornejo also testified to the drive-by-shooting of his cousin, whose father was involved in politics. Violence against a family member may establish a well-founded fear of persecution. *See Korablina v. INS,* 158 F.3d 1038, 1044–45 (9th Cir.1998). However, Jaimes–Cornejo has testified that he is merely speculating as to why his cousin was killed, using deductive reasoning. Even in light of the country conditions prevailing at that time and the threats made against Jaimes–Cornejo's family, there is insufficient evidence in the record to support such a finding of past persecution on appeal.

■ Finally, Lopez–Jaimes challenges the INS's authority to issue a notice to appear or otherwise begin proceedings against a derivative applicant. As a threshold matter, this court must decide whether it has jurisdiction to hear Lopez–Jaimes's claim. Lopez–Jaimes is challenging whether the agency had authority to begin its prosecution. Pursuant to 8 U.S.C. § 1252(g) (emphasis added):

> no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from *the decision or action by the Attorney General to commence proceedings,* adjudicate cases, or execute removal orders against any alien under this chapter.

*Cf. Jimenez Angeles v. Ashcroft,* 291 F.3d 594 (9th Cir.2002). Because Lopez–Jaimes is challenging a decision by the Attorney General to commence proceedings, we are without jurisdiction to hear her claim.

DENIED in part, DISMISSED in part.